255 F.3d 661 (9th Cir. 2001)
 TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER PENSION BENEFITS PLANS, a collectively bargained, joint-trusteed labor-management trust, Plaintiff-Appellee,
v.
SUZANNE R. TISE, an individual, Defendant-Appellee,
CYBELE TISE-MYERS, an individual; CHLOE TISE-MYERS, an individual, Defendants,
and
YVONNE CURRY, an individual, Defendant-Appellant.
TRUSTEES OF THE DIRECTORS GUILD OF AMERICA-PRODUCER PENSION BENEFITS PLANS, a collectively bargained, joint-trusteed labor-management trust, Plaintiff-Appellant,
v.
SUZANNE R. TISE, an individual, Defendant-Appellee,
CYBELE TISE-MYERS, an individual; CHLOE TISE-MYERS, an individual, Defendants,
and
YVONNE CURRY, an individual, Defendant-Appellee.
 Nos. 96-16799, 96-16994
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Argued and Submitted July 6, 2000
Filed December 6, 2000
Amended June 22, 2001
 
 Jeffrey W. Shopoff, San Francisco, California, for the plaintiff-appellant.
 Ronald Dean, Pacific Palisades, California, for the defendant-appellant.
 Catherine A. Elin, Novato, California, for the defendant-appellee.
 Appeal from the United States District Court for the Northern District of California;Susan Illston, District Judge, Presiding D.C. No. CV-95-013310-SI
 Before: John T. Noonan, Sidney R. Thomas and Marsha S. Berzon, Circuit Judges.
 
 ORDER
 
 1
 The opinion filed on December 6, 2000, shall be amended as follows:
 
 
 2
 At Slip Op. p. 15479, replace the first sentence of the third full paragraph with the following:
 
 
 3
 In response to this letter, Tise immediately returned to Superior Court, seeking a writ of execution against the Plan for the amount in which Myers was in arrears on his child support payments under the 1981 judgment, $209,985.34. Upon review of Tise's declarations, the Superior Court ordered the writ of execution to issue.
 
 
 4
 At Slip Op. p. 15494, replace the sentence beginning with "On its face, this order . . ." with the following:
 
 
 5
 Because it enforced Tise's right to child support payments as established by the 1981 Superior Court judgment against Myers, this order "related to the provision of child support" and was "made pursuant to a State domestic relations law." 29 U.S.C. § 1056(d)(3)(B)(ii). Not only was the 1994 order a "domestic relations order" under ERISA, it also "re-cognize[ d] the existence of [Tise's] right to receive all or a portion of the benefits payable with respect to" Myers. 29 U.S.C. § 1056(d)(3)(B)(i)(I).
 
 
 6
 With the filing of this order amending the opinion, the panel has unanimously voted to deny Appellee Curry's petition for panel rehearing and petition for rehearing en banc.
 
 
 7
 The full court has been advised of the petition for rehearing en banc and no judge of the court has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35(f).
 
 
 8
 The petition for panel rehearing and the petition for rehearing en banc are denied.